UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTINO O'BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-01071-PLC |
| | ) |
| THRIFTY CAR RENTAL, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Martino O'Bryant's motion for leave to proceed in forma pauperis. Having reviewed the motion and the financial information provided, the Court has determined that Plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. Additionally, having conducted the required review of the complaint, the Court finds it is frivolous and/or fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action in accordance with 28 U.S.C. § 1915(e)(2)(B), and deny as moot Plaintiff's motion seeking the appointment of counsel.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if, among other reasons, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed the complaint against Thrifty Car Rental, Nico Terrace, Worknet, Winston Hodges, Tonya Hodges, Cassidy Brooks, Walgreens, FedEx, Vocational Rehabilitation, Missouri Protection & Advocacy, and the University of Missouri – St. Louis. Plaintiff did not prepare the complaint using a court-provided form, as required by this Court's Local Rules. *See* E.D.Mo. L. R. 2.06(A). Instead, Plaintiff submitted a document that identifies the defendants by name and bears the title "Civil Conspiracy/Deprivation of 14th Amendments Rights/Education/ADA Laws/Depraved Indifference to Human Life." (ECF No. 1 at 2).

The complaint is disorganized and incomprehensible. Plaintiff cites federal laws in an apparent attempt to establish this Court's federal question jurisdiction over this matter, but he does not link them to any particular claim he seeks to bring. The remainder of the complaint is a collection of more than 130 pages of random materials concerning various matters. For example, Plaintiff provides copies of correspondence with some named defendants about a grievance concerning non-delivery of tennis shoes; general information about various laws and legal issues; information and correspondence concerning his Social Security benefits, lease, and student loans; a letter complaining that a neighbor shot at him; documents from the St. Louis County Circuit Court concerning a landlord/tenant action; statements indicating difficulties experienced

while driving a car and obtaining service at a fast-food restaurant; and correspondence concerning vocational rehabilitation and statements suggesting Plaintiff was denied services. Plaintiff includes other materials as well.

**Discussion**

Despite having carefully and thoroughly reviewed the complaint, the Court cannot discern Plaintiff's claims. Plaintiff does not link the statements from his collection of materials with any valid legal theory, nor does he allege facts that, taken as true, would state a plausible claim for relief. The Federal Rules of Civil Procedure require litigants to prepare their pleadings in an organized and comprehensible manner. Even pro se litigants are required to set out their claims and their supporting facts in a simple, concise, and direct manner. *See McNeil*, 508 U.S. at 113 (even pro se litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil Procedure). Here, Plaintiff has failed to do so. Although this Court must liberally construe pro se complaints, it will not create facts or construct claims that have not been alleged. *See Stone*, 364 F.3d at 914-15.

For the foregoing reasons, the Court finds the complaint is frivolous and/or fails to state a claim upon which relief may be granted. The Court cannot envision an amendment to the complaint that would cause it to state a valid claim for relief. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) without extended discussion. For the same reasons the Court has decided to dismiss this action, the Court finds there would be no non-frivolous basis to argue that Plaintiff's allegations stated a valid claim for relief. The Court will therefore certify that an appeal would not be taken in good faith. Finally, the Court will deny as moot Plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion seeking the appointment of counsel (ECF No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of September, 2024.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE